# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br><br>  RICHARD L. REECHER,<br><br>      Debtor. | No. 05-21456<br>Chapter 7 |
| CRITERIUM-ROMMES ENGINEERS,<br><br>  Plaintiff,<br><br>vs.<br><br>RICHARD L. REECHER,<br><br>  Defendant. | Adv. Pro. No. 05-5031 |

## M E M O R A N D U M

| | |
|---|---|
| Larry V. Roberts, Esq.<br>108 E. Main Street, Suite 210<br>Kingsport, Tennessee 37660<br>Attorney for Criterium-Rommes Engineers | Fred M. Leonard, Esq.<br>27 Sixth Street<br>Bristol, Tennessee 37620<br>Attorney for Richard L. Reecher |

**MARCIA PHILLIPS PARSONS**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court on the defendant's motion to dismiss and the plaintiff's motion for leave to amend its complaint. The defendant asserts that the complaint must be dismissed because it does not include allegations concerning "jurisdiction and venue" and otherwise because it is "for collection of debt which does not fall within any action affording relief under the Bankruptcy law." In response, the plaintiff requests leave to file an amended complaint that "should eliminate objections . . . as to the sufficiency of the . . . Complaint." For the following reasons, the defendant's motion to dismiss will denied and the plaintiff's motion granted so that it may have an opportunity to further amend the complaint.

I.

The defendant filed his motion on August 11, 2005, seeking dismissal of the complaint under Fed. R. Bankr. P. 7012(b), which makes applicable Fed. R. Civ. P. 12(b)-(h) in adversary proceedings. Although the defendant does not reference a particular subpart of Fed. R. Civ. P. 12, he appears to seek dismissal under Rule 12(b)(6) since he asserts that "[t]he Plaintiff fails to state a cause of action upon which relief can be granted."[1] It is well settled that the purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the case. In considering a motion to dismiss under this rule, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996)(quoting *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994)). A complaint need only give "fair notice of what plaintiff's claim is and the grounds upon which it rests." This standard is decidedly liberal, but it requires more than a bare assertion of legal conclusions. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio,* 104 F.3d 803, 805 (6th Cir. 1997) (quoting *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993))(internal citations omitted).

The plaintiff alleges in its amended complaint[2] that the defendant, an architect, "engaged in

---

[1] The defendant did not file a brief in support of his motion as required by E.D. Tenn. LBR 7007-1.

[2] The plaintiff filed the amended complaint on August 31, 2005, along with a motion for leave to amend, in response to the defendant's motion to dismiss. Rule 15 of the Federal Rules of Civil Procedure provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Because the defendant has yet to file a responsive pleading, it was not necessary for the plaintiff to seek leave from this court in order to
(continued...)

a pattern of knowingly and fraudulently deceiving certain creditors, including the Plaintiff" by entering into standard AIA contracts with no intention to perform a provision requiring the architect to pay for services provided by engineers such as the plaintiff "promptly after the Architect is paid by the Owner." Although the plaintiff cites Fed. R. Bankr. P. 4004 pertaining to complaints objecting to discharge in general under 11 U.S.C. § 727(a), it is clear from the prayer for relief that the plaintiff is only requesting that the "discharge of the Defendant's debt to the Plaintiff . . . be denied" which is instead governed by Fed. R. Bankr. P. 4007 and 11 U.S.C. § 523(a). The particular exception from discharge of debts for fraud is § 523(a)(2)(A) which provides:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
> 
> . . .
> 
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> 
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A).

The Sixth Circuit Court of Appeals has explained that in order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following four elements:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth;
> 
> (2) the debtor intended to deceive the creditor;
> 
> (3) the creditor justifiably relied on the false representation; and

---

²(...continued)
amend its complaint. As such, the court deems the original complaint supplanted by the amended complaint.

(4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir.1998). "In order to except a debt from discharge, a creditor must prove each of these elements by a preponderance of the evidence. Further, exceptions to discharge are to be strictly construed against the creditor." *Id.* at 281 (internal citations omitted).

The plaintiff alleges that it "contracted with [the defendant] on December 26, 2003, to perform structural engineering design services" and when the "contract was entered into . . ., the Defendant represented to the Plaintiff that he (Defendant) would pay the Plaintiff when he (Defendant) was paid by the Owner of the project." Further, the plaintiff states that when the defendant "enter[ed] into the . . . contract with the Plaintiff . . ., the Defendant knew he would not pay the Plaintiff when the Defendant was paid for the project." In this regard, the plaintiff sufficiently sets forth allegations covering the first two elements: that the defendant obtained money through a material misrepresentation that, at the time, he knew was false and that the defendant intended to deceive the plaintiff. However, with respect to the last two elements concerning justifiable reliance on the alleged false representation and that such reliance be the proximate cause of the plaintiff's loss, the amended complaint is lacking. While the plaintiff does state that a default judgment was obtained against the defendant in the amount of $7,410.80 on February 24, 2005, which certainly evidences a loss, the plaintiff does not allege that the defendant received payment from the owner of the project and then in turn withheld payment to the plaintiff. Moreover, even though some courts have inferred reliance from an allegation that a material representation was made with which a party never intended to comply, *see McCallion v. Lane*, 937 F.2d 694, 698-99 (1st Cir. 1991), this court believes the better course is to require specific allegations demonstrating

justifiable reliance. Accordingly, the court will provide the plaintiff another opportunity to amend its complaint to cure these deficiencies.

Finally, the defendant states in his motion that the complaint must be dismissed because it "fails to state a jurisdiction and venue basis for filing an adversary proceeding before this Court." Rule 7008(a) of the Federal Rules of Bankruptcy Procedure makes applicable Fed. R. Civ. P. 8(a) and additionally requires that:

> The allegation of jurisdiction required by Rule 8(a) shall also contain a reference to the name, number, and chapter of the case under the Code to which the adversary proceeding relates and to the district and division where the case under the Code is pending. In an adversary proceeding before a bankruptcy judge, the complaint . . . shall contain a statement that the proceeding is core or non-core, and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge.

Fed. R. Bankr. P. 7008(a). With the exception of an allegation concerning whether this proceeding is core or non-core, the amended complaint satisfies these requirements.

Previously, this court held in the context of a notice of removal that the failure to make a core/non-core designation is not fatal. *See Kirk v. Hendon (In re Heinsohn)*, 231 B.R. 48, 54 (Bankr. E.D. Tenn. 1999) (The failure to state the proceeding's core/non-core status required by Fed. R. Civ. P. 9027(a)(1) is a technical defect that may be cured even after the time for removal has expired.). In reaching this conclusion, this court relied on numerous decisions which have held that the failure to plead in a complaint the proceeding's core/non-core status as required by Rule 7008 is not, standing alone, a sufficient basis to justify dismissal. *Id.* at 53. This conclusion is especially applicable in the present case since "determinations as to the dischargeability of particular debts" are irrefutably core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I).

Similarly, the plaintiff's failure to set forth the basis for this court's jurisdiction as required

by Rule 8(a) does not establish cause to dismiss this adversary proceeding. Bankruptcy courts have jurisdiction over "cases under title 11" and "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a), (b), 157(a). The plaintiff's complaint alleges a cause of action "arising under" or, in other words, created by the Bankruptcy Code. Consequently, the plaintiff's complaint alleges a sufficient basis for this court's jurisdiction under § 1334(b). *See Carlson v. Att'y Registration & Disciplinary Comm'n of the Sup. Ct. of Ill. (In re Carlson),* 202 B.R. 946, 948 (Bankr. N.D. Ill. 1996) ("[I]t is not essential that a complaint set forth the statutory basis for a court's jurisdiction in order for a court to assume jurisdiction if the facts alleged provide a basis for assumption of jurisdiction.").

Although the defendant raises the lack of pleading concerning venue, he does not argue that this court is not the proper venue for this adversary proceeding. Section 1409(a) of title 28 of the United States Code provides for venue of proceedings arising under or arising in or related to cases under the Bankruptcy Code. That section states, "Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Section 157(a) of title 28 allows district courts to refer to bankruptcy judges any or all cases under and proceedings arising under, in or related to a case under the title 11, the Bankruptcy Code. By standing order entered July 11, 1984, the District Court for the Eastern District of Tennessee has exercised the § 157(a) reference power. *See In re Reference of Matters to the Bankruptcy Court* (E.D. Tenn. 1984) (order); *In re Rose*, 314 B.R. 663, 683 (Bankr. E.D. Tenn. 2004). Accordingly, the proper venue for this adversary proceeding that arises in defendant's chapter 7 bankruptcy case lies with this court.

II.

In accordance with the foregoing, the court will enter an order granting the plaintiff additional time to file a second amended complaint and deny the defendant's motion to dismiss without prejudice.  In the event a second amended complaint is not filed within the time specified by the order, the court will, *sua sponte*, enter an order dismissing this adversary proceeding for failure to state a claim upon which relief can be granted.

FILED: September 16, 2005

>BY THE COURT
>
>/s/ Marcia Phillips Parsons
>
>_____
>MARCIA PHILLIPS PARSONS
>UNITED STATES BANKRUPTCY JUDGE

.